# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2184

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Respondent, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Terry E. Savage-El, | * | |
| | * | [UNPUBLISHED] |
| Petitioner. | * | |

_____

Submitted: October 29, 2003

Filed: December 2, 2003

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Terry E. Savage-El appeals from the district court's[1] orders denying his recusal motion and dismissing as unauthorized successive 28 U.S.C. § 2255 motions, his motions requesting sentencing review and sentencing reduction. We affirm.

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

Savage-El was convicted of being a felon in possession of a firearm and was sentenced to the statutory minimum, fifteen years imprisonment; his conviction and sentence were affirmed on appeal. See United States v. Savage, 863 F.2d 595, 600 (8th Cir. 1988), cert denied, 490 U.S. 1082 (1989). Savage-El filed a section 2255 motion challenging his sentence, but the district court denied the motion and on appeal, we declined to issue a certificate of appealability. Savage-El then filed the instant motions: a motion for review of sentence pursuant to 18 U.S.C. § 3742, a motion for sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2), and a motion to recuse the district court judge. The district court denied the recusal motion, and construing the sentencing-review and sentence-reduction motions as successive section 2255 motions, dismissed them because Savage-El had not obtained authorization from this court to file a second or successive section 2255 motion.

On appeal, Savage-El argues that the district court mischaracterized his section 3742 and 3582(c)(2) motions, and that the district court judge's prior adverse rulings demonstrated bias.

We find that the district court properly treated Savage-El's section 3742 and 3582 motions as successive section 2255 motions. Section 3742, which governs direct appeals, does not provide Savage-El a means to revisit his sentence now; Savage-El's direct appeal concluded when his conviction and sentence were affirmed. Section 3582(c)(2), which allows modification of a sentence when the Sentencing Commission has amended a section of the Guidelines to lower the applicable sentencing range, does not help Savage-El either, because he received the statutorily required minimum sentence and there have been no amendments to U.S.S.G. § 5G1.1(b) ("Where statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutory minimum sentence shall be the guideline sentence."). Thus, neither section 3742 nor 3582 is applicable, and Savage-El may not circumvent the statutory requirements for filing a successive section 2255 motion by invoking these statutes to challenge his sentence. Cf. United

States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (treating Fed. R. Crim. P. 12(b)(2) motion as successive habeas motion where inmate challenged sentence imposed, because it was apparent that inmate was attempting to bypass statutory requirements for filing successive motion).

Finally, Savage-El's recitation of the district court judge's prior adverse rulings in his case was insufficient to demonstrate bias. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

Accordingly, we affirm the district court's decision. We also find that Savage-El has not stated any grounds which would warrant the authorization of a successive section 2255 motion, and we deny his pending motion to correct the record.

_____