UNITED STATES of America

v.

**Eric WILLIS, Appellant.**

**No. 05–1902.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 16, 2006.

Filed: June 30, 2006.

---

Salvatore L. Astolfi, Office of United States Attorney, Philadelphia, PA, for United States of America.

Douglas L. Dolfman, Philadelphia, PA, for Eric Willis.

Before: FISHER, CHAGARES and REAVLEY,* Circuit Judges.

OPINION OF THE COURT

FISHER, Circuit Judge.

On March 16, 2005, Eric Willis was sentenced by the District Court to 157 months' imprisonment after pleading guilty to charges brought under 18 U.S.C. §§ 924 and 1951, stemming from his 2003 armed robbery of a U–Haul store in Philadelphia. At Willis' sentencing hearing, the District Court notified him of his right to appeal, and Willis informed the District Court orally that he wanted to do so. That appeal is now before us. As we write solely for the parties, we will set forth only those facts necessary to our analysis.

Willis' counsel has filed an *Anders* brief, *see Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), moving to withdraw, and informing us that a diligent search of the record has failed to reveal any issues of arguable merit. Willis, having been granted an extension of time, has filed an informal pro se brief, in which he argues that the District Court improperly found that he used a shotgun during the robbery, thus raising his mandatory minimum sentence under 18 U.S.C. § 924(c) from five years' to ten years' imprisonment. While Willis, in the sentencing colloquy, explicitly denied having personally used a shotgun during the robbery, he did not dispute that one of his co-conspirators did, and defense counsel did not dispute the applicability of the ten-year mandatory minimum.

We have carefully reviewed the record, and will affirm the sentence. Willis pleaded guilty to violating 18 U.S.C. § 924(c); his contention is that the facts he admitted at sentencing suffice to make out only a violation of § 924(c)(1)(A)(i) (use of a firearm), and not (c)(1)(B)(i) (use of a short-barreled shotgun). The former provision carries a minimum term of five years' imprisonment, while the latter carries a minimum term of ten years' imprisonment. The District Court did not err either in its factfinding or in its application of *Booker*.

* The Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

■ We review the District Court's findings of fact for clear error. *See, e.g., United States v. Grier,* 449 F.3d 558, 571 (3d Cir.2006). The transcript makes it clear that the judge sentenced Willis under section 924(c)(1)(B)(i), not because Willis himself used a shotgun during the robbery, but because one of his co-conspirators did. Criminal defendants are liable for the reasonably foreseeable actions of their co-conspirators. *See Pinkerton v. United States,* 328 U.S. 640, 647–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). The *Pinkerton* doctrine applies to violations of section 924(c). *See, e.g., United States v. Casiano,* 113 F.3d 420, 427 (3d Cir.1997) (holding, where one conspirator was sentenced under section 924(c) for another's use of a gun, that "[a]s long as [a conspirator's] action was within the purview of the conspiracy, his co-conspirators are liable for his gun as if they had carried the firearm themselves.") (quoting *United States v. Gonzalez,* 918 F.2d 1129, 1135 (3d Cir.1990)). Here, it was reasonably foreseeable that one of Willis' co-conspirators would use a shotgun, given the nature of the crime and the fact that Willis also carried a firearm during the robbery. Thus, it was not error for the District Court to impute the use of the shotgun to Willis.

■ The factual determination that Willis had carried a shotgun increased Willis' minimum § 924 sentence, which under that statute must be imposed ·consecutively to the predicate § 1951 sentence, from five years to ten years. But neither (c)(1)(A)(i) nor (c)(1)(B)(i) states a *maximum* term; accordingly, the maximum sentence under either provision is life imprisonment. *See, e.g., United States v. Mack,* 229 F.3d 226, 229 (3d Cir.2000) (citing *Custis v. United States,* 511 U.S. 485, 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). Accordingly, the factual determination made by the District Court did not increase the statutory maximum for the charge to which Willis pleaded guilty; it increased only the statutory minimum.[1] *Booker's* prohibition on judicial factfinding at sentencing goes only to those facts that increase the maximum sentence to which the defendant is exposed. *United States v. Grier,* 449 F.3d 558, 569 (3d Cir.2006) (applying *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). Facts which increase the statutory minimum but not the statutory maximum may be found by the sentencing judge without offending the Fifth or Sixth Amendments. *Harris v. United States,* 536 U.S. 545, 560, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002).

For the foregoing reasons, we will grant the motion to withdraw, and affirm the judgment of the District Court.[2]

---

1. A 2000 Supreme Court decision, *Castillo v. United States,* 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), had held that under the prior version of § 924(c), determination of the type of gun used had to be made by a jury. Under the statute as it then existed, the mandatory type-of-gun sentences were determinate (thirty years for a machine gun as opposed to ten years for a sawed-off shotgun and five years for a pistol). The Court therefore held that the distinctions between types of guns defined separate § 924(c) offenses, and that that determination accordingly must be made by a jury. Congress subsequently amended the statute so that in its current form it states minimum sentences only and not maximum sentences.

2. As a result, we conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court on Willis' behalf. *See* Third Circuit Rule 109.2(b).