*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0373p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WAYNE CARTER,

*Defendant-Appellant.*

No. 05-5717

>

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 01-00001—Aleta Arthur Trauger, District Judge.

Submitted: May 31, 2007

Decided and Filed: September 11, 2007

Before: MOORE and GRIFFIN, Circuit Judges; McKINLEY, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Robert D. Little, LAW OFFICES OF ROBERT LITTLE, Alta Loma, California, for Appellant. S. Delk Kennedy, Jr., ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. Wayne Carter, Beaumont, Texas, pro se.

---

## OPINION

---

McKINLEY, District Judge. This matter is before the Court upon Defendant Wayne Carter's appeal of the district court's denial of his Motion to Amend Sentencing pursuant to 18 U.S.C. § 3582. Finding no error, the decision of the lower court is affirmed.

### FACTS

Carter was indicted by a federal grand jury sitting in Nashville in December, 2000. Carter was charged with attempted possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846 and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Prior to pleading guilty, Carter was advised that his total estimated sentence was 120-131 months. In March of 2001, Carter pleaded guilty to two counts of the Indictment.

---

[*] The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

Carter's pre-sentence report recommended a two-level enhancement for his leadership role. Carter was sentenced to 70 months on one count and 60 months on another, to run consecutively. This was within the sentencing range that Carter had been advised to expect. No direct appeal was filed, as his right to appeal had been waived in the plea agreement. Carter filed a motion for relief under 28 U.S.C. § 2255 on July 5, 2002, and it was denied on March 10, 2003. Carter appealed that denial, but we denied jurisdiction in June, 2004, based on a lack of timely filed notice of appeal. Carter then filed a motion for relief from judgment under FED. R. CIV. P. 60(b) and the motion was construed as a motion to vacate his sentence pursuant to § 2255.

Carter next filed a Motion for Relief pursuant to 18 U.S.C. § 3582(c)(2), requesting modification of his sentence on March 4, 2005. The district court denied the motion on April 5, 2005. Carter filed a motion for reconsideration, which the district court denied. Carter then filed his Notice of Appeal on April 27, 2005.

## JURISDICTION

This is an appeal from the judgment of the District Court after denial of a motion filed pursuant to 18 U.S.C § 3582(c)(2). Jurisdiction is invoked under 28 U.S.C. § 1291.

## STANDARD OF REVIEW

This appeal presents a question of law, and is therefore reviewed de novo. *See United States v. Tocco*, 200 F.3d 401, 428 (6th Cir. 2000).

## DISCUSSION

Carter appeals the denial of his motion to amend his sentence pursuant to 18 U.S.C. § 3582. 18 U.S.C. § 3582(c)(2) provides a mechanism for the modification of a sentence if the Sentencing Commission changes the relevant sentencing range after a defendant is sentenced. Section 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that– . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Carter's § 3582 motion asserts that *United States v. Booker*, 543 U.S. 220 (2005), changed his relevant sentencing range and his sentence should thus be modified.

On appeal, the Government argues that the § 3582 motion should be construed as a second or successive § 2255 motion subject to additional screening requirements. Carter has previously filed both a motion to vacate pursuant to § 2255 and a Rule 60(b) Motion for Relief from judgment. Whether a § 3582 motion must be considered as a second or successive § 2255 motion is a matter of first impression in this Circuit. Before addressing the merits, we will consider whether § 3582 motions should be construed as second or successive § 2255 motions, as the government urges.

### 1. *Gonzalez* precedent

In 2005, the Supreme Court held that motions for relief from judgment under FED. R. CIV. P. 60(b) should be construed as second or successive habeas motions in some cases. *See Gonzalez*

*v. Crosby*, 545 U.S. 524 (2005). The text of FED. R. CIV. P. 60(b) provides relief from judgment in limited circumstances such as mistake, fraud, or a jurisdictional flaw, including some grounds unrelated to the merits of the judgment. FED. R. CIV. P. 60(b). The *Gonzalez* Court held that a Rule 60(b) motion should be construed as a successive habeas petition when it attacks the substance of the defendant's conviction, rather than the integrity of the judgment that granted or denied relief. *Gonzalez*, 545 U.S. 524. The Eleventh Circuit had previously held that *all* 60(b) motions should be construed as successive habeas motions, but the *Gonzalez* Court rejected that holding and adopted a more nuanced approach. The Court found that "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the motion is not to be construed as a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532. When a 60(b) motion attacks the merits of a conviction or sentence, or "if it attacks the federal court's previous resolution of a claim *on the merits*," it should be construed as a habeas petition. *Id.*

### 2. The 60(b) and § 3582 Connection

The Supreme Court in *Gonzalez* specifically stated that it was construing the application of Rule 60(b) only in habeas cases of state prisoners. *Gonzalez*, 545 U.S. at 530, n.3. Having failed to consider or mention § 3582 motions to amend a sentence, *Gonzalez* does not mandate that § 3582 motions be construed as second or successive § 2255 motions. But this Court has previously expanded the *Gonzalez* holding to apply to motions for relief raised pursuant to § 2255, rather than limiting it to the § 2254 petitions addressed in *Gonzalez*. *In re Nailor*, 487 F.3d 1018 (6th Cir. 2007). For many of the same reasons that we found the reasoning of *Gonzalez* applicable to the § 2255 motions considered in *Nailor*, we now find *Gonzalez* instructive in determining how to best handle § 3582 motions.

There are multiple similarities between Rule 60(b) motions and § 3582 motions. Both provide for relief only in narrow, limited circumstances and are sometimes used as final attempts to seek relief. Rule 60(b) provides relief from judgment on the basis of such issues as mistake, newly discovered evidence, fraud, or voidness. Section 3582(c)(2) provides relief when a defendant is "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582 has a more narrow application than Rule 60(b), but both potentially could be used by petitioners to circumvent the screening requirements of § 2255 and attack the merits of their convictions and sentences. Thus, in this situation, the similarities between the two motions for relief prevail.

As was explained in *Gonzalez*, when a 60(b) motion attacks the petitioner's conviction or sentence, or the federal court's previous resolution of a claim *on the merits*, the 60(b) motion should be construed as a successive § 2255 motion. This Court incorporated and expanded that holding in *Nailor*, 487 F.3d 1018. This Court now finds that the same parameters applied to the construction of a 60(b) motion should be applied to § 3582 motions. When a § 3582 motion requests the type of relief that § 3582 provides for – that is, when the motion argues that sentencing guidelines have been modified to change the applicable guidelines used in the defendant's sentencing – then the motion is rightly construed as a motion to amend sentencing pursuant to § 3582. On the other hand, when a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion. Any second or successive § 2255 motion shall be subjected to the authorization process mandated by *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

We are not alone in concluding that certain motions titled as § 3582 motions should be treated as § 2255 motions in some circumstances. Several circuit courts have chosen to do so, though none has pronounced a generalized rule relating to the interpretation of § 3582 motions as § 2255 motions. *See United States v. Maxwell*, 210 F.3d 363 (4th Cir. 2000); *United States v. McNeil*, 17

Fed. Appx. 383, 385 (6th Cir. 2001); *United States v. Savage-El*, 81 Fed. Appx. 626, 627 (8th Cir. 2003); *United States v. Burkins*, 157 Fed. Appx. 55, 56 (10th Cir. 2005). Some district courts have interpreted §3582 motions as § 2255 motions under *Gonzalez*'s precedent as well. *See United States v. Copeland*, 2006 WL 453464 (N.D.Fla. 2006); *United States v. Krout*, 2006 WL 696643, *3 (S.D.Tex. 2006); *Gibson v. United States*, 2006 WL 2095930 (M.D.N.C. 2006).

### 3. Carter's § 3582 motion

Carter argues that *U.S. v. Booker*, 543 U.S. 220 (2005), should apply retroactively to his sentence and invalidate his sentence because of an enhancement based on his leadership role. Carter further submits that a failure to apply *Booker* to his sentence is an ex post facto violation, and the opinion of the district court denying his motion for relief under § 3582 should be reversed. A motion for modification made under 18 U.S.C. § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Peveler*, 359 F.3d 369, 373 (6th Cir. 2004).

Carter posited his request as a motion for modification under 18 U.S.C. § 3582(c)(2). Carter's motion can reasonably be interpreted not to attack the merits of his conviction, but instead to argue that there has been a change in the relevant guidelines as a result of *Booker*. Although there has been no such change, the type of relief he requests is the type which § 3582 may provide, in appropriate situations. While Carter's motion fails, nonetheless under this interpretation it is correctly treated as a § 3582 motion.

Section 3582 provides that the court may modify a sentence when the Sentencing Commission has lowered the relevant sentencing range. 18 U.S.C. § 3582(c). Thus, relief is available only if the Sentencing Commission changes a sentencing range, and *Booker* cannot be construed as a change to a sentencing range by the Sentencing Commission. *See Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007); *Carrington v. United States*, 470 F.3d 920, 923 (9th Cir. 2006); *United States v. Rodríguez-Peña*, 470 F.3d 431, 433 (1st Cir. 2006); *United States v. Price*, 438 F.3d 1005, 1006-07 (10th Cir. 2006); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). In this case, there has been no change in the relevant guidelines, and therefore § 3582(c)(2) does not provide relief for Carter. Carter's motion for relief pursuant to § 3582 was rightly denied by the district court.

Carter's motion also can be interpreted as presenting a new attack on the merits of the district court's original sentencing determination, arguing that *Booker* should be applied retroactively regardless of whether it worked a change to his sentencing range for purposes of § 3582(c)(2). As explained above, such an attack is beyond the scope of a proper § 3582 motion and must be construed as a § 2255 motion, regardless of its title as a § 3582 motion. Because Carter previously has filed a § 2255 motion, this numerically second § 2255 motion is cognizable by the district court only if it does not constitute a second or successive petition, as that phrase has been interpreted, *see In re Bowen*, 436 F.3d 699, 705-06 (6th Cir. 2006), or if he receives authorization from us to file a second or successive petition, *see* 28 U.S.C. § 2255 ¶ 8.

In this case, however, even if we were to review the merits of Carter's arguments, we would affirm the district court's decision. In *United States v. Booker*, the Supreme Court held that the United States Sentencing guidelines are merely advisory, rather than binding. *United States v. Booker,* 543 U.S. 220, 246 (2005). The Supreme Court found that courts could no longer consider sentencing factors if the facts had not been proven beyond a reasonable doubt. *Booker*, 543 U.S. at 231, *citing Ring v. Arizona*, 536 U.S. 584, 602 (2002). Here, Carter argues that the factors considered for his sentencing enhancement were not proven beyond a reasonable doubt.

The rule in *Booker* is not retroactively applicable to cases on collateral review. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Carter's sentence was final before the Supreme

Court announced the holding of *Booker*, and Carter filed no direct appeals.  Therefore, *Booker* is not applicable.

Carter mistakenly believes that the ex post facto clause is relevant to his case.  The ex post facto clause bars the application of greater criminal penalties than those which existed at the time a crime occurred. *Johnson v. United States*, 529 U.S. 694, 699 (2000).  Carter was not given any greater penalties than those which were applicable at the time his crimes were committed, and thus, the ex post facto clause does not apply.

## *CONCLUSION*

For the reasons set forth above, we AFFIRM the District Court's judgment.