

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2009

# USA v. Kasine George

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2315

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Kasine George" (2009). *2009 Decisions.* Paper 1259.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1259

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2315
_____

UNITED STATES OF AMERICA

v.

KASINE GEORGE, a/k/a Casino,

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 3-02-cr-00221-002)
District Court Judge:  Hon. Edwin M. Kosik

_____

Submitted under Third Circuit LAR 34.1(a)
on February 3, 2009

Before:   RENDELL, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed June 1, 2009)

_____

O P I N I O N

_____

**ROTH**, <u>Circuit Judge</u>:

Kasine George appeals from the District Court's order denying a motion to reduce his sentence pursuant to the United States Sentencing Commission's recent amendment to the Guidelines ranges for crack cocaine offenses. The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's decision for an abuse of discretion. See 18 U.S.C. § 3582(c)(2) ("[I]n the case of a defendant who has been sentenced . . . based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . the court *may* reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."); *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007) (applying abuse of discretion review); *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003) (same). We will affirm.

We assume the parties' familiarity with the facts and the record of prior proceedings, which we describe only as necessary to explain our decision.

George argues that, in denying his motion for a reduced sentence, the District Court erred in considering the nature of George's offense and his criminal history because these factors were already taken into account by the Sentencing Guidelines. We reject this argument because it conflicts with the requirements of the Guidelines and the applicable statute. Section 3582(c)(2), the provision permitting a court to reduce a prisoner's sentence following a change in the Guidelines, provides that the court must

2

"consider[] the factors set forth in section 3553(a) to the extent they are applicable." *See* 18 U.S.C. § 3582(c)(2). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant." *See id.* § 3553(a)(1). Similarly, the application notes to the amended guidelines instruct a court contemplating a sentence reduction to consider "the factors set forth in 18 U.S.C. § 3553(a)," as well as "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." *See* U.S.S.G. § 1B1.10 n.1(B). Finally, we note that George's sentence of 120 months, reduced from the previously applicable Guidelines range of 292 to 365 months because of his assistance to the government, is still well below the now applicable Guidelines range of 235 to 292 months.

Accordingly, the District Court's decision was not an abuse of discretion, and we will affirm the District Court's order denying George's motion for a reduced sentence.