NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0129n.06

No. 08-5879

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 26, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff-Appellee,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　ON APPEAL FROM THE UNITED
v.　　　　　　　　　　　　　　　　　　　)　STATES DISTRICT COURT FOR THE
　　　　　　　　　　　　　　　　　　　　)　EASTERN DISTRICT OF KENTUCKY
DONNELL MARTIN,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant-Appellant.　　　　　　)

Before: MERRITT, COLE, and COOK, Circuit Judges.

COOK, Circuit Judge.　Donnell Martin appeals the district court's order denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) after a retroactive crack cocaine amendment lowered his guidelines range.　We affirm.

In 1997, following Martin's guilty plea for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), a district court sentenced him to a statutorily-mandated twenty years in prison.　Ten years later, in 2007, the Sentencing Commission promulgated Amendment 706, which reduced the base offense level for most offenses involving cocaine base by two.　Soon thereafter, Amendment 713 made Amendment 706 retroactive by adding it to the list of amendments in USSG § 1B1.10(c).　Ostensibly relying upon the reduction in his base offense level and guidelines range, Martin filed a motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2).　The

district court denied the motion on the grounds that the statutory mandatory minimum sentence, which exceeded the amended guidelines range, prevented a sentence reduction. Martin timely appealed, arguing exclusively—and for the first time—that, though he remains subject to the statutory minimum, his sentence violates Fifth Amendment substantive due process because of the cocaine base/powder sentencing disparity.

As a preliminary matter, we note that, on appeal, Martin abandons the claim he raised in district court—that Amendment 706's effect on his guidelines range required a sentence reduction—apparently recognizing that the statutory mandatory minimum continues to control on resentencing. *See* USSG § 5G1.1(b) (Nov. 1, 2008).

Martin now argues only that the cocaine/powder disparity violates substantive due process, a claim he failed to raise below. "[I]n general, 'issues not presented to the district court but raised for the first time on appeal are not properly before the court.'" *McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002) (quoting *J.C. Wyckoff & Assoc., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1488 (6th Cir. 1991)). And though we retain discretion to appropriately consider some new issues, *McFarland*, 307 F.3d at 407, the frivolous nature of Martin's argument weighs against exercising it here: "We have consistently held that the crack/powder disparity withstands constitutional scrutiny, including challenges based on due process, equal protection, and the Eighth Amendment." *United States v. Berry*, 290 F. App'x 784, 793 (6th Cir. 2008) (listing cases).

But even if we treated his claim as properly raised, we still lack jurisdiction to review it under

§ 3582(c)(2).  As a court of limited jurisdiction, we are both bound to consider our own jurisdiction and permitted to opine only when congressionally authorized.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Our authority "to resentence a defendant is limited by statute" and is "expressly prohibit[ed] . . . beyond those exceptions expressly enacted by Congress."  *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001).   Section 3582(c)(2) allows "modification of a sentence only where the sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'"  *United States v. Parker*, No. 08-6253, 2009 WL 4927949, at *1 (6th Cir. Dec. 21, 2009) (quoting 18 U.S.C. § 3582(c)(2)).   Thus, because § 3582(c)(2)'s narrow ambit excludes constitutional challenges, and Martin's sole complaint on appeal involves alleged constitutional error, we lack jurisdiction to consider his claim, even if properly raised.

      We affirm.

No. 08-5879
*United States v. Martin*

MERRITT, Circuit Judge, concurring. I concur in the result in this case. The appellant did not raise his constitutional claim in the court below, and therefore he has waived the claim. We sit as a court of appellate review and not as a court of first instance, and we may not reach out to decide entirely new claims not presented to a trial court. I do not believe that 18 U.S.C. § 3582(c)(2) is a "subject matter jurisdiction" statute. We have subject matter jurisdiction to consider and apply the statute as well as the constitutionality of a sentence. I would not dismiss the appeal for "lack of jurisdiction" under § 3582. I would not employ that reasoning.