**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0431n.06

**No. 09-1783**

**FILED**
**Jul 15, 2010**
LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff-Appellee,** | |
| **v.** | **ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE** |
| **DESHAWN SIMS,** | **EASTERN DISTRICT OF MICHIGAN** |
| **Defendant-Appellant.** | **OPINION** |

_____/

**BEFORE:** BOGGS and CLAY, Circuit Judges; and WISEMAN, District Judge.[*]

**CLAY, Circuit Judge.** Defendant, DeShawn Sims, appeals from his reduced sentence entered by the district court pursuant to 18 U.S.C. § 3582(c) on May 22, 2009. Upon Defendant's motion, the district court reduced his previously imposed sentence of 210 months for possession and distribution of cocaine and cocaine base to 168 months' incarceration. He argues that the district court had the authority under *United States v. Booker*, 543 U.S. 220 (2005) to conduct a full sentencing hearing and to consider as advisory the amended guidelines range for cocaine base offenses. *See* U.S.S.G. Supp.App. C, Amdts. 706 and 713 (reducing applicable offense levels for

---

[*]The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

certain cocaine base offenses). For the reasons set forth in this opinion, we **AFFIRM** the district court's judgment.

## BACKGROUND

Defendant was convicted following a jury trial in March 2000 of one count of distribution of a controlled substance and one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841, and two counts of aiding and abetting in the possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. He was sentenced to 262 months' incarceration. Following habeas proceedings pursuant to 28 U.S.C. § 2255, Defendant was resentenced to 210 months' incarceration.

After the Sentencing Commission promulgated amendments 706 (lowering the guidelines ranges for certain cocaine base offenses by lowering the offense level by two) and 713 (making amendment 706 retroactive), Defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) in March 2008. He requested to be sentenced at the low end of the amended guidelines range, which the district court did in sentencing Defendant to 168 months' incarceration. This timely appeal followed.

## DISCUSSION

### I.  Standard of Review

Because this appeal presents a question of law, our standard of review ordinarily would be de novo. *United States v. Carter*, 500 F.3d 486, 488 (6th Cir. 2007). However, because Defendant did not raise his *Booker* challenge during the § 3582 proceeding, the government argues that Defendant has waived this issue by not presenting it to the trial court. *See United States v. Hayes*,

218 F.3d 615, 619 (6th Cir. 2000).  We retain jurisdiction to consider whether a plain error has occurred, *id.* at 619-20, and may review this challenge for plain error.

## II.     Analysis

Once a sentence has become final, a district court is without power to impose a new sentence, except in a few limited circumstances such as those described in 18 U.S.C. § 3582(c).  That section provides that a district court may modify a sentence

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The Sentencing Commission issued a policy statement, § 1B1.10, to guide district courts in reducing sentences, pursuant to several amendments including amendment 706. That section states, in relevant part, that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A).  This policy statement effectively makes the amended guidelines range the mandatory lower boundary of the sentencing reduction permitted pursuant to § 3582(c).

Defendant asks this Court to find the policy statement in § 1B1.10(b)(2)(A) unconstitutional in light of the interpretation of the Sixth Amendment in *Booker*, which made the sentencing guidelines advisory for original sentences.  *See Booker*, 543 U.S. at 259.  However, clear precedent from this Circuit and from the Supreme Court forecloses this argument. *Dillon v. United States*, --- U.S. ---, 2010 WL 2400109 at *7 (2010) ("Accordingly, [Defendant's] Sixth Amendment rights were

not violated by the District Court's adherence to the instruction in § 1B1.10 to consider a reduction only within the amended Guidelines range."); *United States v. Washington*, 584 F.3d 693, 701 (6th Cir. 2009) ("We hold that pursuant to 18 U.S.C. § 3582(c)(2), a district court is not authorized to reduce a defendant's sentence below the amended Guidelines range.").

Defendant was sentenced to 168 months' incarceration, which is the bottom of the guidelines range that he is subject to under the cocaine base amendments. His Sixth Amendment rights were not implicated in the § 3582(c) proceeding, and the district court did not have the authority to reduce his sentence below the amended guidelines range. Therefore, Defendant's appeal is without merit regardless of our standard of review.

## CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's order reducing Defendant's sentence to 168 months' incarceration.