**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0444n.06

**No. 09-5435**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF KENTUCKY |
| JEFFREY L. BASS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  SILER and SUTTON, Circuit Judges; CLELAND, District Judge.[*]

CLELAND, District Judge.  Jeffrey Bass appeals the district court's denial of a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  Bass seeks a reduction in sentence under Amendments 706 and 713 to the United States Sentencing Guidelines ("USSG"), which retroactively reduce the base offense levels applicable to cocaine base ("crack") offenses.  The district court denied a reduction because Bass was sentenced as a career offender and is thus ineligible to receive a sentence reduction.  We affirm.

I.

---

[*] The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

Jeffrey Bass pleaded guilty pursuant to a Rule 11 Plea Agreement to two counts of possession with intent to distribute five grams or more of crack cocaine, one count of aiding and abetting in the possession with intent to distribute five grams or more of crack cocaine, and one count of conspiracy to possess with intent to distribute five grams or more of crack cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. R. 1; R. 55; R. 112.

For sentencing purposes, Bass's base offense level was 28 but he received a 3 level reduction for acceptance of responsibility, resulting in a total offense level of 25. R. 59 at ¶¶ 32-35. As a result of his career offender status, however, his offense level was enhanced to 34. *Id.* at ¶ 36. After applying his 3 level reduction for acceptance of responsibility, the total offense level was 31. *Id.* at ¶ 37-39. He was placed in criminal history category VI because of his career offender status, and his resulting guideline range was 188-235 months imprisonment. *Id.* at ¶ 36. Neither party objected to Bass's offense level or criminal history category, and the district court sentenced him accordingly to 188 months imprisonment and 5 years supervised release on July 23, 2002. R. 114 at 2:8-20; R. 58.

Bass filed *pro se* motions for a reduction in sentence on February 25, 2008, and July 17, 2008. R. 84; R. 87. The district court denied these motions without prejudice, but on December 8, 2008, it appointed counsel for Bass and ordered the Probation Office to prepare a Memorandum of Recalculation ("MOR"). R. 86; R. 89; R. 104. The MOR noted that, while Bass's amended guidelines under USSG Amendment 706 lowered Bass's base offense level by 2 points, his career offender status nonetheless kept his total offense level at 31 (after a 3 level reduction for acceptance

of responsibility). R. 105 at 2-3. His criminal history category also remained at VI, which resulted in an identical guideline range of 188-235 months imprisonment. *Id.* Defense counsel filed an objection to the MOR. R. 107.

On March 30, 2009, the district court issued an order denying a reduction in sentence, reasoning:

> In this case, the crack cocaine amendment reduces the defendant's base offense level for his drug convictions, but it does not have the effect of lowering his ultimate guideline range for imprisoment because his sentencing range is controlled by his status as a career offender . . . . Therefore, a reduction in sentence is not authorized under 18 U.S.C. § 3582(c)(2).

R. 109 at 2. Bass timely appealed. R. 110.

## II.

Under 18 U.S.C. § 3582(c)(2), when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," the court may, on motion, reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The district court's decision to deny a motion under § 3582 is generally reviewed for an abuse of discretion. *United States v. Bridgewater*, 606 F.3d 258, 260 (6th Cir. 2010) (citing *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007)).

However, where, as here, the parties' arguments rely on the legal interpretation of the sentencing guidelines, "the district court's interpretation of the sentencing guidelines presents a question of law, subject to de novo review." *United States v. Peveler*, 359 F.3d 369, 373 (6th Cir. 2004) (citing *United States v. Smith*, 196 F.3d 676 (6th Cir. 1999)).

The district court denied a reduction of sentence in this case because it found that Bass, as a career offender, was ineligible for a reduction under § 3582. We agree.

Another panel in this circuit has already addressed this issue. *See United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009), *reh'g and reh'g en banc denied* (Sept. 22, 2009), *cert. denied* 130 S. Ct. 1537 (Feb. 22, 2010). The *Perdue* court held that "a district court may not grant a motion for a reduction in sentence premised upon Amendment 706 if the defendant seeking the reduction was originally sentenced as a career offender." *Id.* at 292 (citing *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009); *United States v. Caraballo*, 552 F.3d 6, 9 (1st Cir. 2008); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008)); *see also United States v. Leasure*, 331 F. App'x 370, 378 (6th Cir. 2009) (holding that the defendant's sentence could only be reduced "if the defendant was sentenced under the provision that was amended" and the defendant was ineligible for a reduction under Amendment 706 because his "offense level was calculated pursuant to the unchanged career offender provision"); *United States v. Alexander*, 543 F.3d 819, 825 (6th Cir. 2008) (holding that a career offender convicted of a cocaine base offense could not seek relief under Amendment 706 because "the sentencing range applied to his case [was] derived exclusively from the Guidelines' unamended career offender

provision set forth in U.S.S.G. § 4B1.1(a), not the amended drug-quantity table listed at U.S.S.G. § 2D1.1").

Bass argues that because the sentencing guidelines are advisory under *United States v. Booker*, 543 U.S. 220 (2005), "Congress would not intend to limit sentence reductions to defendants whose sentences were originally 'driven by' a now-amended Guideline." (Appellant's Br. 12.) Similarly, Bass argues that "[p]ost-*Booker*, Congress would intend for courts to revisit the discretionary components of their sentences when those components are potentially affected by a retroactive Guideline amendment." (*Id.* 13.) Bass asserts that the language of § 3582(c)(2), as well as various policy considerations and the rule of lenity, support his argument that his career offender status does not render him ineligible for a sentence reduction.

All of Bass's arguments are foreclosed by *Perdue*.[1]  *See Salmi v. Sec'y of Health & Human Servs*., 774 F.2d 685, 689 (6th Cir. 1985) (holding that prior decision by another Sixth Circuit panel "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision"). In *Perdue*, we rejected similar arguments that the discretionary nature of the guidelines allows the court to reduce a career offender's sentence, stating:  "Even assuming *arguendo* that the Sentencing Commission has no authority to limit the district court's ability to reduce Perdue's sentence,

---

[1]It appears that Bass recognizes the effect of *Perdue* on his appeal.  He filed his appeal brief while the petition for rehearing and rehearing *en banc* in *Perdue* was still pending, and his Introduction states that the brief is being submitted "[i]n the event that the petition for rehearing is granted in *Perdue*." (Appellant's Br. 2.)  Rehearing was denied on September 22, 2009.

*Congress* may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2)." *Perdue*, 572 F.3d at 292. Instead, we held as a matter of statutory interpretation that a § 3582(c)(2) reduction is available only to defendants whose original sentences were "based on" a subsequently-lowed sentencing range, and that defendants who were classified and sentenced "based on" their career offender status are statutorily ineligible for a reduction. *Id.* at 292-93.

There is no dispute that Bass was correctly classified and sentenced as a career offender. His sentence was not "based on" the crack cocaine guidelines, but rather on his career offender status. The district court's determination that he was ineligible for a sentence reduction is AFFIRMED.