**CLD-041**                                                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3582
_____

UNITED STATES OF AMERICA

v.

ERIC WILLIS,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-04-cr-00314-003)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 17, 2011

Before:  RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 14, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

      As we write primarily for the parties, we will recite only the facts pertinent to this

appeal.  In 2004, defendant-appellant Eric Willis ("Willis") pleaded guilty to several

charges stemming from a 2003 robbery of a U-Haul store in Philadelphia.  His sentence

included a consecutive ten-year term of incarceration—a mandatory minimum imposed by 18 U.S.C. § 924(c)(1)(B)(i)—derived from a coconspirator's possession of a shotgun during the robbery.  Willis has unsuccessfully challenged his sentence on both direct and collateral review.  See generally United States v. Willis, C.A. No. 10-3585 (3d Cir., order entered Dec. 6, 2010); United States v. Willis, 186 F. App'x 198 (3d Cir. 2006).

In June of 2011, Willis commenced a new attack on his sentence, filing a motion pursuant to 18 U.S.C. § 3582(c)(2).  He claimed that "Amendment 599" had lowered his Guideline range, thereby justifying relief under § 3582.[1]  The District Court disagreed and denied the motion, observing that the relevant "sentencing guideline range [was] unaffected" by Amendment 599.  Willis filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291.  While we review the District Court's order primarily for abuse of discretion, our review of legal questions is plenary. See United States v. Mateo, 560 F.3d 152, 154 & n.2 (3d Cir. 2009).

We agree with the Government that Willis cannot obtain relief under § 3582(c). Even if Amendment 599, which *antedated* Willis's sentencing by several years, applied

---

[1] Amendment 599 expanded the commentary to U.S.S.G. § 2K2.4 on the use of a firearm during or in relation to certain crimes, and clarified under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the Guidelines for those other offenses.  See 3 U.S. Sentencing Comm'n, Guidelines Manual C-572–74 (2010), available at http://www.ussc.gov/Guidelines/2011_Guidelines/Manual_PDF/Appendix_C_Vol_II.pdf (2011 edition with identical textual content).  Amendment 599 went into effect on November 1, 2000, and was made retroactive pursuant to U.S.S.G. § 1B1.10.  For a discussion of Amendment 599, see United States v. Goines, 357 F.3d 469 (4th Cir. 2004).

in the fashion he claims, it is clear from the pre-sentence report that Willis never received a firearms enhancement; rather, the lengthy sentence imposed by the District Court derived, in part, from the mandatory minimum required by 18 U.S.C. § 924(c)(1)(B)(i). A mandatory-minimum term of imprisonment required by statute is not an element of the Guidelines, and Willis therefore cannot challenge that portion of his sentence via § 3582. See Dillon v. United States, ___ U.S. ___, 130 S. Ct. 2683, 2691 (2010) ("[Section 3582(c)(2)] applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission."). Rather, a motion under 28 U.S.C. § 2255 is the proper mechanism for challenging a federal conviction or sentence. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); see also United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007) (distinguishing between motions brought under § 3582(c) and those brought under § 2255).

"Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment." Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.