NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0451n.06

No. 10-4414

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Apr 30, 2012**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,       )
                                    )
       Plaintiff-Appellee,         )
                                    )      ON APPEAL FROM THE
v.                                )      UNITED STATES DISTRICT
                                    )      COURT FOR THE NORTHERN
ANDRE BADLEY,            )      DISTRICT OF OHIO
                                    )
       Defendant-Appellant.     )
                                    )

BEFORE: BOGGS, SUHRHEINRICH, and COOK, Circuit Judges.

PER CURIAM. Andre Badley, a federal prisoner, appeals a district court judgment denying his motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2).

At age nineteen, Badley was convicted in state court of three drug crimes. He was sentenced to a total of one year of imprisonment for those crimes. At the age of twenty-one, Badley committed the federal offenses for which he is currently imprisoned: possession with intent to distribute 115 grams of cocaine base and possession with intent to distribute less than 500 grams of cocaine. He was convicted following a 1997 jury trial. Because Badley possessed more than fifty grams of cocaine base, and had two previous felony drug convictions, he was subject to a mandatory sentence of life imprisonment without parole. *See* 21 U.S.C. § 841(b)(1).

More than ten years later, Badley filed a pro se motion to reduce his sentence based on amendments to the crack cocaine guidelines. The district court appointed counsel, who raised the additional issues of whether the Fair Sentencing Act should be applied retroactively to Badley's case

and whether his sentence violates the Eighth Amendment. After extensive briefing, the district court denied all the requested relief, and this appeal followed. Badley repeats his arguments that the Fair Sentencing Act should be retroactively applied and asks the court to overrule its holding in *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010), *cert. denied,* 131 S. Ct. 1706 (2011). He also reasserts his argument that his sentence of life without parole violates the Eighth Amendment.

A motion under 18 U.S.C. § 3582(c)(2) is a narrow remedy which allows a challenge to an existing sentence only where there has been a retroactive change to the sentencing guidelines applicable to the offense of conviction. *See United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). Because Badley was sentenced to a statutory mandatory minimum, he can raise no challenge to his sentence under § 3582(c)(2). *See United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). Moreover, our decision in *Carradine* forecloses his argument that the FSA should be applied retroactively.

Badley also attempts to raise constitutional arguments. With respect to his argument regarding the retroactive application of the Fair Sentencing Act, he points out that the government agrees that it can be applied retroactively to cases where the sentence has not yet been imposed, and argues that this inconsistent approach violates his right to equal protection of the laws. He also argues for expansion of the Supreme Court's holding in *Graham v. Florida*, 130 S. Ct. 2011 (2010), which held that sentences of life without parole for juveniles who committed nonhomicide offenses violate the Eighth Amendment. However, we have refused to expand this holding to cases in which the defendant, as here, was not a juvenile. *United States v. Graham*, 622 F.3d 445, 461-62 (6th Cir. 2010), *cert. denied,* 131 S. Ct. 2962 (2011). Moreover, such constitutional issues cannot properly

be presented in a motion under § 3582(c)(2). *See United States v. Martin*, 367 F. App'x 584, 585 (6th Cir. 2010).

For all of the above reasons, the district court's judgment denying Badley's motion to reduce his sentence is affirmed.