# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-10595
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHADWICK DARRIN HUNTER,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CR-41

————

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Chadwick Darrin Hunter appeals following the revocation of his supervised release. He argues that the district court erred in admitting and considering various state charging documents that related to conduct which also formed the basis of the Government's motion to revoke his supervised release.

"A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a condition of release has been

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10595
Summary Calendar

violated." *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010) (internal quotation marks and citation omitted). In revocation proceedings, we review an assertion of legal error in the admission of evidence de novo, but subject to a harmless error analysis. *See id.*; *United States v. Brigham*, 569 F.3d 220, 231 (5th Cir. 2009). "An error is harmless when it does not affect the substantial rights of a party. The government has the burden of establishing harmlessness beyond a reasonable doubt." *United States v. Carrillo*, 660 F.3d 914, 926 (5th Cir. 2011) (internal quotation marks and citation omitted).

We pretermit a determination whether the district court erred by admitting the charging documents in favor of a determination that the court's error, if any, was harmless. *See, e.g., id.* at 929. The charging documents were cumulative evidence of testimony properly given at the revocation hearing. The erroneous introduction of cumulative evidence is harmless error. *United States v. Hall*, 500 F.3d 439, 444 (5th Cir. 2007). Hunter's assertion of alleged contradictions between the charging information and the police officer's testimony at the hearing may not be raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.