NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0864n.06

No. 14-5227

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Nov 14, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DERRICK J. SIMMONS, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MERRITT, GIBBONS, and DONALD, Circuit Judges.

PER CURIAM. Derrick J. Simmons, a federal prisoner, appeals through counsel a district court order denying a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Simmons entered a guilty plea in 2005 to three counts of possession with intent to distribute cocaine. Due to previous controlled substance convictions, he was subject to a mandatory minimum sentence of twenty years, which was the sentence he received. In this motion to reduce his sentence, Simmons argued that the Fair Sentencing Act, which reduced the mandatory minimum sentence applicable to his offenses, should entitle him to resentencing. The district court determined that it was not authorized to reduce the sentence on that basis and denied the motion. Simmons reasserts his argument before this court and also argues that his sentence is unconstitutional.

We review de novo a district court's determination that it lacks authority to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2).  *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009).

Unfortunately for Simmons, § 3582(c)(2) is a narrow remedy available only where a sentencing range has been lowered retroactively by the Sentencing Commission.  *United States v. Blewett*, 746 F.3d 647, 656 (6th Cir. 2013) (en banc), *cert. denied*, 134 S. Ct. 1779 (2014).  A reduction in the mandatory minimum sentences by Congress is not a basis for a § 3582(c)(2) motion.  *See United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009).  Constitutional arguments also are not properly raised in a motion under § 3582(c)(2).  *United States v. Martin*, 367 F. App'x 584, 585 (6th Cir. 2010).  Moreover, we have rejected the constitutional arguments Simmons raises.  *Blewett*, 746 F.3d at 658-60.[1]

Accordingly, the district court's order denying a sentence reduction is affirmed.

---

[1] However, the Sentencing Commission has now authorized the federal courts to review crack cocaine sentences retroactively under § 3582(c)(2) and the revised sentencing guidelines beginning in November 2015.  *See* United States Sentencing Commission: Amendment to the Sentencing Guidelines (Preliminary) (July 18, 2014) http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140718_RFP_Amendments_Retroactivity.pdf.  This makes Amendment 782 retroactive.