ALD-260                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4157
_____

UNITED STATES OF AMERICA

v.

OMARI HOWARD PATTON,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Crim. No. 02-cr-00093-001)
District Judge: Honorable Donetta W. Ambrose

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

Before: CHAGARES, SCIRICA and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

 Omari Howard Patton, a federal prisoner proceeding pro se, appeals from

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

the District Court's order denying his motion pursuant to 18 U.S.C. § 3582(c)(2). The Government moves to summarily affirm the District Court's order. For the following reasons, we will grant the Government's motion.

I.

In November 2004, a federal jury found Patton guilty of more thantwenty-five counts of drug-related felonies, including: one count each of conspiring to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and fifty grams or more of cocaine base; and one count of possession with intent to distribute 100 grams or more of heroin. At sentencing, the District Court found that Patton was responsible for at least six hundred grams of cocaine base and ten kilograms of heroin, which put his base offense level at 36 under the United States Sentencing Guidelines in effect at that time. See former U.S.S.G. § 2D1.1(c)(2). The District Court further found that Patton's offense level should be increased by two based on his conviction for possession of a firearm, for a total offense level of 38. See id. § 2D1.1(b)(1). An offense level of 38, combined with Patton's criminal history category of IV, resulted in an advisory sentencing range of 324 to 405 months of imprisonment. See id. § 5, Part A, table.

The District Court sentenced Patton to an aggregate term of 360 months. We affirmed the convictions and sentences on direct appeal. United States v. Patton, 292 F. App'x 159 (3d Cir. 2008) (not precedential).

In 2010, Patton filed a motion to vacate his convictions and sentences pursuant to 28 U.S.C. § 2255, alleging a violation of his Sixth Amendment rights to both a fair and

public trial, and to the effective assistance of counsel. The District Court denied relief, and, after granting a partial certificate of appealability, we affirmed the District Court's judgment. United States v. Patton, 502 F. App'x 139 (3d Cir. 2012) (not precedential).

In December 2012, Patton filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750, which reduced the crack-related offense levels in § 2D1.1 of the Guidelines, and Amendment 759, which made Amendment 750 retroactive. The District Court denied relief, explaining that Amendment 750 did not lower the applicable Guidelines range. The District Court also noted that, to the extent that Patton was attempting to challenge its determination that he was responsible for ten kilograms of heroin, he could not do so in a motion under § 3582(c)(2).

In August 2014, Patton filed a second motion pursuant to § 3582(c)(2), the motion at issue in this appeal, contending that he was now eligible for a reduction in sentence under Amendment 750 because the Government had recently admitted that the District Court's drug quantity determination was not supported by any evidence. Patton explained that, in April 2013, he had submitted a request under the Freedom of Information Act to the U.S. Attorney's office seeking documentation relating to the heroin quantity determination, and that, in response, the U.S. Attorney's Office had informed him that it had nothing responsive to his request other than trial transcripts. Patton interpreted the U.S. Attorney's response as a "concession" that the District Court's quantity finding was baseless, and asked the District Court to resentence him on this

ground.  Patton also requested an evidentiary hearing and in camera inspection in connection with his motion.

Upon review, the District Court denied Patton's second § 3582(c)(2) motion, referring to the reasons it provided in its order denying his first.  The District Court also denied Patton's requests for a hearing and in camera inspection.  Patton now appeals from the District Court's order.

## II.

We have jurisdiction over the appeal under 28 U.S.C. § 1291.  We exercise plenary review of the District Court's interpretation of the Sentencing Guidelines and review the denial of Patton's § 3582(c)(2) motion for abuse of discretion.  United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).  We may summarily affirm the District Court's decision if an appeal presents no substantial question.  3d Cir. LAR 27.4 and I.O.P. 10.6.

Pursuant to § 3582(c)(2), a district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  A district court may not reduce a sentence under § 3582(c)(2) if the change to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2); see also United States v. Ware, 694 F.3d 527, 531 (3d Cir. 2012).

The District Court acted within its discretion in denying Patton § 3582(c)(2) relief.

4

Patton sought a reduction in his sentence based on his contention that the District Court's drug quantity determination was unsupported. As the court noted, however, the scope of its resentencing authority was limited to any changes that would result from application of the retroactive amendment—here, Amendment 750. Section 3582(c)(2) "does not authorize a resentencing," but only "permits a sentence reduction within the narrow bounds established by the [United States Sentencing] Commission." Dillon v. United States, 560 U.S. 817, 831 (2010); see also United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002) (explaining that a "full resentencing" is not permitted upon a § 3582(c)(2) motion). Thus, the District Court lacked the authority to address Patton's challenge to its drug quantity determination.[1]

Furthermore, we have reviewed the record and agree with the District Court that Patton's Guidelines range would not have been different if Amendment 750 had been in effect at the time of his sentencing. The Guideline for drug conspiracy and distribution violations is found at U.S.S.G. § 2D1.1. According to Application Note 8 in the

---

[1] To the extent that Patton was essentially asking the District Court to revisit its drug quantity determination, the District Court could have construed his purported § 3582(c)(2) motion as an unauthorized § 2255 motion, see United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007) (explaining that, when a motion styled as a § 3582 motion does not in fact seek a sentence reduction based on an amendment to the Guidelines, but instead attacks the underlying conviction or sentence, the motion should be construed as a § 2255 motion), and, because it would have been second or successive, either dismissed it for lack of jurisdiction or transferred it to this Court for consideration under 28 U.S.C. § 2255(h), see Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) (stating that if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option[s are]

Commentary to § 2D1.1, the Drug Equivalency Tables are to be used for conversion of different controlled substances to obtain a single offense level; each type of drug is converted to its marijuana equivalent, and the marijuana equivalencies are added to determine the combined marijuana equivalency. Amendment 750 reduced the equivalency factor for one gram of cocaine base from twenty kilograms to 3.571 kilograms of marijuana. U.S.S.G. § 2D1.1, Application Note 10; id. App. C, Amdt. 750. The equivalency for heroin did not change; it remained one kilogram of marijuana to one gram of heroin. Id. § 2D1.1, Application Note 10. Under U.S.S.G. § 2D1.1(c)(2), a defendant responsible for at least 10,000 kilograms but less than 30,000 kilograms of marijuana is assigned a base offense level of 36.

The District Court found that Patton was responsible for at least six hundred grams of crack cocaine and ten kilograms of heroin. Ten kilograms of heroin is the equivalent of 10,000 kilograms of marijuana. Thus, the heroin quantity alone meets the threshold of at least 10,000 kilograms of marijuana equivalency, which results in a base offense level of 36. In any event, with respect to the cocaine base attributed to Patton, even though Amendment 750 would reduce the marijuana equivalency from 12,000 to 2,142.6 kilograms, such amount, when combined with 10,000 kilograms of marijuana equivalency for the heroin, still places him within the 10,000-to-30,000-kilogram range that produces a base offense level of 36. For these reasons, Amendment 750 does not

to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631").

6

lower Patton's sentencing range. Cf. Ware, 694 F.3d at 532 (explaining that Amendment 750 did not affect the guideline range where defendants were career offenders).

Finally, because we perceive no abuse of discretion in the District Court's decision to deny Patton § 3582(c)(2) relief, we likewise perceive no error in the court's decision to deny his motions for a hearing and in camera inspection.

### III.

For the foregoing reasons, we conclude that this appeal presents no substantial question. Accordingly, we will grant the Government's motion and summarily affirm the District Court's order. See 3d Cir. LAR 27.4 and I.O.P. 10.6. Patton's motions for appointment of counsel and motion to remand for evidentiary hearing or in camera inspection are denied as moot.