**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1199
_____

UNITED STATES OF AMERICA

v.

OMARI HOWARD PATTON, a/k/a "O"

Omari H. Patton,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Crim. No. 2:02-cr-00093-001)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 7, 2016

Before: FUENTES, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed: June 13, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Omari Howard Patton, a federal prisoner proceeding pro se, appeals from the District Court's denial of his motion for a sentence reduction filed under 18 U.S.C. § 3582(c)(2). We will affirm the District Court's judgment.

I.

In 2004, a federal jury found Patton guilty of numerous felony drug offenses, including conspiracy to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and 50 grams or more of cocaine base; possession with intent to distribute fifty grams or more of cocaine base; and possession with intent to distribute 100 grams or more of heroin. At sentencing, the District Court found that Patton was accountable for 10 kilograms of heroin and 600 grams of cocaine base, which corresponded with a base offense level of 36 under the United States Sentencing Guidelines then in effect. Patton's final offense level was established at level 38, with a criminal history category of IV, resulting in the Guideline range of 324 to 405 months. The District Court imposed an aggregate sentence of 360 months. We affirmed the judgment on direct appeal. United States v. Patton, 292 F. App'x 159 (3d Cir. 2008) (not precedential).

Patton since has pursued a series of challenges to his sentence by way of motions under 28 U.S.C. § 2255, Rule 36 of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3582(c)(2), which authorizes a district court to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing

2

range that has subsequently been lowered by the Sentencing Commission." His sentence has been reduced to 294 months, following a recent § 3582(c)(2) motion.[1]

The motion that is the subject of this appeal appears to be Patton's fourth § 3582(c)(2) motion. He filed the motion in January 2016, relying on Sentencing Guidelines Amendment 706, which took effect in 2007 and was made retroactive the following year. That amendment lowered by two the offense level for certain offenses involving crack cocaine. In his motion, Patton argued that the evidence at trial did not support the District Court's finding that he was responsible for 10 kilograms of heroin, an argument he has previously made in other post-conviction litigation. The District Court denied the motion, and Patton appeals.

On appeal, Patton continues to press his argument that the District Court erred in finding him responsible for 10 kilograms of heroin. He seeks remand for an evidentiary hearing or, alternatively, permission from this Court to file a second or successive 28 U.S.C. § 2255 motion. The Government responds by asking this Court to affirm to the District Court's order. The Government argues that Patton's motion is beyond the scope of § 3582(c)(2) and that he is not entitled to a reduction under Amendment 706 because his sentence was determined by the amount of heroin involved in the case, making Amendment 706 inapplicable.[2]

---

[1] His other challenges, and his appeals, see, e.g., C.A. Nos. 15-2840, 15-3125, 15-2337, and 14-4157, have been unsuccessful.

[2] The Government requests that we issue a precedential opinion in this matter.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We generally review a district court's denial of a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). When a district court concludes that a defendant is not eligible for relief under § 3582(c)(2), however, our review is plenary. United States v. Weatherspoon, 696 F.3d 416, 421 (3d Cir. 2012).

III.

A district court generally cannot modify a term of imprisonment once it has been imposed, but a defendant may be eligible for a reduction pursuant to § 3582(c) under certain circumstances. Section 3582(c) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013).

Patton fails to meet § 3582(c)(2)'s first criterion, as Amendment 706 did not have the effect of lowering his guideline range. Patton's sentence was driven by the amount of heroin involved in his case; Amendment 706, which involves crack cocaine, did not lower his sentencing range. Patton's effort to relitigate the amount of heroin for which he was found responsible is beyond the scope § 3582(c)(2), as we have previously explained in one of Patton's earlier appeals, United States v. Patton, 619 F. App'x 43, 45 (3d Cir. 2015). To the extent he seeks permission to file a second or successive 28 U.S.C. § 2255

4

motion, that request is denied.  He has not demonstrated that he meets the criteria to file

such a motion.  <u>See</u> 28 U.S.C. § 2255(h).

IV.

For the foregoing reasons, we will affirm the District Court's order denying

Patton's motion for a reduction of sentence.[3]

---

[3] We decline the Government's request that we publish a precedential opinion in this matter.