**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3096
_____

UNITED STATES OF AMERICA

v.

JAMES MABRY, a/k/a James Young, a/k/a Manny

JAMES MABRY,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-04-cr-00120-001)
District Judge:  Honorable Malcolm Muir

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 22, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed March 15, 2011)

_____

OPINION
_____

PER CURIAM.

        James Mabry appeals from the District Court's orders denying him relief

under 18 U.S.C. § 3582 and denying his subsequent motion for reconsideration combined

with his motion to amend.  For the following reasons, we will dismiss the appeal for lack

of jurisdiction.

I.

In May 2005, Mabry pleaded guilty in the United States District Court for the Middle District of Pennsylvania to a charge of possession with intent to distribute more than five grams of crack cocaine, a violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii). The plea agreement included a lengthy recitation of Mabry's criminal history—which included numerous state offenses—as well as a waiver of Mabry's "right to challenge any conviction or sentence . . . in any collateral proceeding." Mabry objected to the pre-sentence report (PSR), which found that he qualified for career-criminal status under United States Sentencing Guidelines §4B1.1; overruling his objections, the District Court sentenced Mabry to a 210-month prison term on March 3, 2006.

Since that time, Mabry has challenged his conviction and sentence via numerous collateral attacks, despite the waiver provision of his plea agreement. Two months after sentencing, he moved to vacate under 28 U.S.C. § 2255, claiming that defense counsel "failed to file a requested notice of appeal" in response to his "illegal[ly] imposed sentence." The District Court held that Mabry's motion was barred by the waiver provision. We granted a certificate of appealability and affirmed, holding that Mabry's waiver was "knowing and voluntary" and did not work a "miscarriage of justice." United States v. Mabry, 536 F.3d 231, 244 (3d Cir. 2008), *cert denied*, 129 S. Ct. 2789 (2009). Mabry then began to file challenges to his sentence under 18 U.S.C. §

3582(c), attacking the crack/cocaine sentencing disparity and the PSR's calculation of his criminal history.

The most recent of these efforts is the subject of the instant appeal. On April 5, 2010, Mabry filed a "Motion For Adjustment, Modification Of An Imposed Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(1)(B) Predicated Upon Another Modifying Statute 28 U.S.C. § 2255"[1] [hereinafter "April 5 motion"]. He called for an "evidentiary hearing to demonstrate a fundamental miscarriage of justice by [the District Court] during [his] sentencing," claiming that a denial of "procedural due-process of law" led to "an unjust judgement [sic] of Petitioner being sentenced and misclassified as a career offender for a violent crime . . . [that he] is actually innocent of." The gist of his argument, raised earlier in a previous § 3582 motion, was that several of his state convictions did not qualify as "crimes of violence" for the purpose of his criminal-history calculation under the Sentencing Guidelines. Mabry also attacked the assignment of criminal-history points for multiple cases that had been " onsolidated [sic]" in state court. He requested modification of his sentence to comport with the correct criminal-history category.

The District Court denied the motion on April 29, 2010, observing that Mabry sought to "relitigate the issue of whether he was properly considered a career offender under the sentencing guidelines," a matter the court had addressed in a previous

---

[1] 18 U.S.C. § 3582(c)(1)(B) allows a court, in any case, to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

disposition. Then, on May 12, Mabry filed a "Motion to Make Additional Finding's [*sic*] and Motion to Alter or Amend Pursuant to Fed. R. Civ. Proc. 52(b) and 59(e), in Objection's [*sic*] to this Court's Order Rendered on April 29, 2010," [hereinafter "May 12 motion"] repeating many of the same arguments. The District Court denied the motion on June 18, 2010. Mabry filed his notice of appeal on July 7, 2010.

## II.

The parties contend that Mabry's April 5 motion should be treated as a continuation of his criminal proceeding. See, e.g., United States v. Arrango, 291 F.3d 170, 171 (2d Cir. 2002) (per curiam) (collecting cases). If we agreed, we would be compelled to dismiss the appeal as untimely, to the extent it was taken from the denial of his April 5 motion. Under Fed. R. App. P. 4(b)(1)(A)(i), Mabry was required to file his notice of appeal within fourteen days after the District Court's entry of judgment—a period unaffected by his filing of his May 12 motion, see Fed. R. App. P. 4(b)(3)(A) (listing limited motions that expand the time to file a notice of appeal). He clearly failed to proceed within the time allowed.

However, we believe that his April 5 motion should be treated as civil, not criminal, because it was essentially a 28 U.S.C. § 2255 motion.

When a § 3582 motion requests the type of relief that § 3582 provides for – that is, when the motion argues that sentencing guidelines have been modified to change the applicable guidelines used in the defendant's sentencing – then the motion is rightly construed as a motion to amend

4

sentencing pursuant to § 3582.  On the other hand, when a motion titled as a

§ 3582 motion otherwise attacks the petitioner's underlying conviction or

sentence, that is an attack on the merits of the case and should be construed

as a § 2255 motion.

United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007).  In both of his filings, Mabry

attacks the "fundamental miscarriage of justice by [the District Court] *during his*

*sentencing* on March 3, 2006" (emphasis added).  Moreover, Mabry's assertion that his

sentence "is in violation of the Constitution and Law's [*sic*] of the United States" would

appear to be a clear invocation of the relief established in 28 U.S.C. § 2255(a).

Therefore, the April 5 motion was more appropriately construed as a § 2255 motion, in

which case the rules governing civil appeals apply.

That being so, Mabry's May 12 motion was timely filed as per Fed. R. App.

P. 4(a)(4)(A)(ii), (v–vi), and the appeal is timely with regard to both motions.  See Fed.

R. App. P. 4(a)(4)(A).

### III.

Nevertheless, we will dismiss the appeal for lack of jurisdiction.  As

discussed above, Mabry filed a § 2255 motion that was denied on the merits before he

filed the April 5 motion.[2]  Thus, not only is the April 5 motion really a § 2255 motion, it

is also a second § 2255 motion, over which the District Court lacked jurisdiction because

---

[2]  Our determination that the waiver provision of his plea agreement precluded in-depth review of his claims constituted a disposition on the merits of his earlier petition.  Cf. Carter v. United States, 150 F.3d 202, 205–06 (2d Cir. 1998).

we did not authorize its filing. The same applies to Mabry's May 12 motion, which also seeks to relitigate the merits of his conviction and sentence. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 149 (2007) (petitioner's failure to comply with gate-keeping requirements of § 2244(b) "deprived the District Court of jurisdiction to hear his claims"); Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). A certificate of appealability is required to appeal from the denial of a § 2255 motion and a related motion for reconsideration, but because reasonable jurists would all agree that the District Court lacked jurisdiction, a certificate of appealability cannot issue. See 28 U.S.C. § 2253(c)(1–2); Slack v. McDaniel, 529 U.S. 473, 478 (2000); Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999). Absent a certificate of appealability, we lack jurisdiction over this appeal which, accordingly, we will dismiss. United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2000) (a "proper" certificate of appealability is required for this Court to have jurisdiction over a petition).