CLD-298                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4631
_____

UNITED STATES OF AMERICA

v.

OMARI HOWARD PATTON
A/K/A "O",
                                                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2:02-cr-00093-001)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: July 17, 2013)
_____

OPINION
_____

PER CURIAM

        Before the Court is the Government's "Motion for Summary Action," which asks

us to dismiss this appeal for lack of jurisdiction or, in the alternative, to summarily affirm

the judgment of the District Court pursuant to 3d Circuit L.A.R. 27.4 and I.O.P. 10.6.

For the following reasons, we will grant the Government's motion in part and summarily affirm.

Omari Howard Patton was convicted of several drug-related offenses. We affirmed his conviction and sentence on direct appeal. See generally United States v. Patton, 292 F. App'x 159 (3d Cir. 2008) (nonprecedential). In 2010, Patton filed a 28 U.S.C. § 2255 motion to vacate his conviction and sentence, alleging a violation of his Sixth Amendment rights to both a fair and public trial and to the effective assistance of counsel. The District Court denied relief, and after granting a partial certificate of appealability (COA), we affirmed the District Court's judgment. See generally United States v. Patton, 502 F. App'x 139 (3d Cir. 2012) (nonprecedential).

In November 2012, Patton moved in the District Court to "unseal Miscellaneous Docket #01-679 A through F." The motion and its attachments reflected Patton's alleged inability to obtain that material through the Freedom of Information Act (FOIA). However, Patton did not explain why he needed the documents. In its response, the Government represented that "these dockets contain[ed] the written filings pertaining to six iterations of a wiretap," which were required to be sealed under 18 U.S.C. § 2518(8)(b). According to the Government, Patton had "already received the contents of these miscellaneous dockets, as they were disclosed to him in the course of the [criminal] case's litigation."

The District Court denied Patton's request, observing that he had "no pending case relevant to the requested docket entries" and that the materials had already been disclosed "prior to his trial." Patton moved for reconsideration, and suggested that he had "other

2

post conviction remedies that ha[d] not been exhausted" to which the "docket entries [we]re relevant." The District Court denied reconsideration, too. Patton appealed.

The Government asks us to dismiss the appeal for lack of jurisdiction or, in the alternative, to summarily affirm. Relying in part on our nonprecedential opinion in United States v. Mabry, 417 F. App'x 168 (3d Cir. 2011) (per curiam), the Government argues that "the [motion to unseal] whose denial is under appeal should be seen for what it is: a successive 28 U.S.C. §2255 petition [*sic*]."[1] Appellee's Mot. for Summary Action ¶ 18. The Government further indicates that Patton's opening appellate brief (filed before the Government's motion stayed the briefing schedule) contains argumentation that would appear to relate to a collateral attack on his conviction and sentence, although the Government concedes elsewhere that the brief transcends boundaries of his original motion to unseal. In sum, the Government contends that the District Court properly dismissed a second or successive § 2255 motion because it lacked jurisdiction to consider it, and because reasonable jurists would not dispute this outcome, we are required to deny a COA and dismiss this appeal. See Appellee's Mot. for Summary Action ¶ 20 (citing, in part, Mabry, 417 F. App'x at 490).

We disagree with the Government's jurisdictional reasoning. First and foremost, Mabry is a nonprecedential decision that does not bind the Court. See Garcia v. Att'y Gen., 553 F.3d 724, 728 n.5 (3d Cir. 2009). But it is also distinguishable. In Mabry, a purported "18 U.S.C. § 3582(c)(2)" motion was, in reality, an unauthorized second or

---

[1] See United States v. Thomas, 713 F.3d 165, 172 n.10 (3d Cir. 2013) (discussing the nomenclature of § 2254 "petitions" and § 2255 "motions").

3

successive § 2255 motion because it attacked the underlying conviction and sentence as violating the Constitution instead of referencing relief available under § 3582(c)(2). See Mabry, 417 F. App'x at 170. By contrast, this motion to unseal, while possibly presaging such an unauthorized filing, appears to be a simple post-judgment document request, and not necessarily a disguised collateral attack. Cf. United States v. Miramontez, 995 F.2d 56, 57–58 (5th Cir. 1993) (discussing post-judgment, post-collateral-attack appeal of request for grand-jury transcripts). True, Patton's filings in this Court can be construed to suggest that he now wishes to challenge his conviction, and may have viewed his motion to unseal as the first step in such a process. But based on what was before the District Court, we conclude that Patton's motion was not an unauthorized collateral attack barred by 28 U.S.C. §§ 2244(b) and 2255(h). We therefore deny that portion of the Government's motion, and exercise our jurisdiction pursuant to 28 U.S.C. § 1291 to review the District Court's decisions for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010); cf. United States v. McDougal, 559 F.3d 837, 840 (8th Cir. 2009); Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 n.4 (3d Cir. 1991).

We find no such abuse of discretion. Patton did not clearly explain his need for the materials, had no relevant action pending at the time of filing, and may already have been provided the documents he sought. He also could not bring an independent FOIA suit on the docket of his criminal case. Cf. Martinez v. Bureau of Prisons, 444 F.3d 620, 623 (D.C. Cir. 2006) (discussing proper defendants in a FOIA suit); see also Roth v. U.S. Dep't of Justice, 642 F.3d 1161, 1177 (D.C. Cir. 2011) (explaining that FOIA is "not a

4

substitute for discovery in criminal cases"). Patton has not otherwise identified a mistake of law in the District Court's decision. See Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998). Because there is no substantial question presented by this appeal, we will grant the Government's motion in part and summarily affirm the District Court's judgment. See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam).