**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2637
_____

JAMES MABRY
Appellant

v.

J. T. SHARTEL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-12-cv-02411)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 23, 2015

Before: CHAGARES, KRAUSE and VAN ANTWERPEN, *Circuit Judges*.

(Filed: November 18, 2015)
_____

OPINION*
_____

VAN ANTWERPEN, *Circuit Judge*

James Mabry appeals the final decision of the U.S. District Court for the District

of New Jersey denying his 28 U.S.C. § 2241 habeas corpus motion for lack of

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

jurisdiction. *Mabry v. Shartel*, No. 12-2411 (JBS), 2012 WL 1900592 (D.N.J. May 24, 2012). We need not reach the jurisdictional question, however, because Appellant waived his right to challenge his conviction and sentence. Therefore, we will affirm the dismissal of the § 2241 petition.[1]

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2004, Mabry faced a six-count indictment including, in part, possession with intent to distribute cocaine and possession of a firearm during drug trafficking. *United States v. Mabry*, 536 F.3d 231, 233 (3d Cir. 2008) ("*Mabry I*"). Mabry pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii), in return for the dismissal of the remaining charges. *Mabry I*, 536 F.3d at 233. As part of his plea agreement, Mabry relinquished his right to direct appeal as well as his "right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255." *Id.* at 233 (internal quotation marks omitted). Mabry's two prior convictions for simple assault, both violations of 18 Pa. Cons. Stat. Ann. § 2701, triggered the career offender designation as "crime[s] of violence" under Section 4B1.1 of the United States Sentencing Guidelines ("Guidelines"). Mabry was thus sentenced as a career offender to 210 months' imprisonment.

---

[1] We may affirm for any reason supported by the record. *Brightwell v. Lehman*, 637 F.3d 187, 191 (3d Cir. 2011).

Mabry, proceeding *pro se* in 2006, filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. He argued ineffective assistance of counsel and an erroneous career offender classification. *Mabry I*, 536 F.3d at 234–35. The District Court enforced Mabry's appellate waiver and dismissed the petition. *Id.* at 235. We affirmed the dismissal, finding Mabry's waiver knowing and voluntary and that its enforcement did not create a miscarriage of justice. *Id.* at 244. Two years after Mabry filed his motion, the Supreme Court decided *Begay v. United States*, 553 U.S. 137, 144–45 (2008), which held that the modified categorical approach is required to evaluate a state conviction pursuant to an ambiguous "crime of violence" statute. Thereafter, Mabry filed a second § 2255 motion. *United States v. Mabry*, 417 F. App'x 168, 168–69 (3d Cir. 2011) ("*Mabry II*").[2] Specifically, Mabry argued that the career offender sentencing enhancement was a miscarriage of justice and he was due an evidentiary hearing to reverse the classification. *Id.* at 169. The District Court denied the motion for lack of jurisdiction and observed that Mabry was attempting to relitigate his previous sentencing error claim. *Id.* We affirmed, holding that we were deprived of jurisdiction—Mabry's second § 2255 motion was not authorized by a Third Circuit panel as the statute explicitly requires. *Id.* at 170; *see* 28 U.S.C. § 2255(h).

Mabry resorted to the instant § 2241 petition. The District Court dismissed the petition for lack of jurisdiction, but did not address waiver. Mabry timely appealed.

---

[2] Mabry's motion to reconsider his sentence was filed pursuant to 18 U.S.C. § 3582. When a motion attacks the underlying conviction or sentence, it is treated as a § 2255 motion—not as a direct criminal appeal. *Mabry II,* 417 F. App'x at 170 (citing *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007)).

## II.    DISCUSSION[3]

Mabry argues that the career offender sentencing enhancement was improperly applied to him in light of the Supreme Court's decision in *Begay* and our decision in *United States v. Marrero*, 743 F.3d 389 (3d Cir. 2014).[4] However, we need not reach the merits of his argument because Mabry's appellate waiver forecloses review of his sentencing. *See United States v. Corso*, 549 F.3d 921, 926 (3d Cir. 2008) (citation omitted) (explaining that, where the government invokes an appellate waiver provision, "we must determine as a threshold matter whether the appellate waiver prevents us from exercising our jurisdiction to review the merits of the defendant's appeal").

Criminal defendants may waive constitutional and statutory rights, including the right to appeal or pursue collateral attacks, "provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." *Mabry I*, 536 F.3d at 236 (citation omitted). We will enforce an appellate-waiver provision in a defendant's plea agreement "where we conclude (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed

---

[3] The District Court had jurisdiction to review the initial petition pursuant to 28 U.S.C. §§ 2241 and 2255. We have jurisdiction to review the District Court's denial pursuant to 28 U.S.C. §§ 1291 and 2253. We exercise plenary review over the validity and scope of an appellate waiver. *United States v. Wilson*, 707 F.3d 412, 414 (3d Cir. 2013).

[4] Since Appellant's briefing in this case, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that imposing a higher sentence under the residual clause of the Armed Career Criminal Act is unconstitutional due to the clause's vagueness. Mabry's career offender designation was under the Guidelines and not the Armed Career Criminal Act, but both provisions include an identically worded residual clause defining "crime of violence." 18 U.S.C. § 924(e)(2)(B)(ii); UNITED STATES SENTENCING GUIDELINES § 4B1.2(a)(2) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another").

4

to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." *Wilson*, 707 F.3d at 414 (alteration in original) (quoting *United States v. Dahmen*, 675 F.3d 244, 249 (3d Cir. 2012)) (internal quotation marks omitted). "[A]lthough arising in the criminal context," appellate-waiver provisions in plea agreements should be "analyzed under contract law standards," and construed against the Government. *United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007) (citation omitted) (internal quotation marks omitted). "Under contract principles, a plea agreement necessarily 'works both ways. Not only must the government comply with its terms and conditions, but so must [the defendant].'" *Id.* (alteration in original) (quoting *United States v. Carrara*, 49 F.3d 105, 107 (3d Cir. 1995)).

We upheld the validity of the present appellate-waiver provision in a precedential opinion. *Mabry I*, 536 F.3d at 244. We discussed the terms and language contained in the plea agreement, noting that the District Court "discussed the wavier of direct appeal and collateral challenge rights at some length." *Id.* at 233.[5] We noted that defense counsel specifically explained to Mabry the meaning of "appellate and collateral waivers." *Id.* at 234. The District Court found the appellate waiver was entered into by Mabry knowingly and voluntarily, and we affirmed this conclusion. *Id.* at 237–39.

Mabry now argues that the scope of the waiver does not include the basis for his current challenge, and in the alternative, enforcing the waiver would work a miscarriage

---

[5] The District Court explained the consequences of the waiver to Mabry: "Do you understand that . . . unless there is an error which results in a miscarriage of justice, you will have no right to challenge in any appeal or collateral proceeding an incorrect or allegedly incorrect determination of the advisory sentencing guidelines?" *Mabry I*, 536 F.3d at 234.

of justice. Mabry agreed to a broad waiver, encompassing all constitutional and non-constitutional grounds, and explicitly waiving "the defendant's right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255." (App. 53). Although Mabry's counsel specifically mentioned ineffective assistance of counsel claims as one example of "collateral attack,"[6] the broad language of the waiver extends further. Nor does any change in subsequent law render the plea invalid. *See United States v. Lockett*, 406 F.3d 207, 213 (3d Cir. 2005). "[A]bsent misrepresentation or other impermissible conduct by state agents, . . . a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.* (second alteration in original) (quoting *United States v. Brady*, 397 U.S. 742, 757 (1970)) (internal quotation marks omitted) (holding that a defendant could not rely on a Supreme Court decision which made unconstitutional a provision relevant to his criminal sentence to argue that his plea was not voluntary). As the *Lockett* Court explained, plea agreements are rife with risks for both parties, and "[t]he possibility of a favorable change in the law occurring after a plea agreement is merely one of the risks that accompanies a guilty plea." *Id.* at 214 (citing *United States v. Sahlin*, 399 F.3d 27 (1st Cir. 2005)). Because any change in the law would not impact the fact that Mabry

---

[6] Defense counsel explained "collateral appeal" to Mabry: "It is a right after direct appeal for you, for instance, to raise issues that may have to do with my ineffectiveness or other collateral issues that could not have been raised on direct appeal." *Mabry I*, 536 F.3d at 234.

knowingly and voluntarily agreed to the terms of the waiver, the only question that remains is whether enforcing the waiver would work a miscarriage of justice. *See Wilson*, 707 F.3d at 414.

The miscarriage of justice exception should "be applied sparingly and without undue generosity." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (quoting *United States v. Teeter*, 257 F.3d 14, 26 (1st Cir. 2001)) (internal quotation marks omitted). We endorsed certain factors set forth by the First Circuit in considering whether an error has worked a miscarriage of justice to overcome an appellate waiver:

> [T]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001) (alteration in original) (quoting *Teeter*, 257 F.3d at 26).

Several of the factors from *Khattak* are applicable here. First, because Mabry entered into a plea agreement, he cannot demonstrate the gravity of any alleged error, even if we were inclined to exercise § 2241 jurisdiction. Under the terms of the plea agreement, five charges were dismissed, among them a charge for possession of a firearm in furtherance of a drug-trafficking crime, which carried a mandatory consecutive five-year sentence. Given the benefit Mabry received by accepting the plea, we cannot say what his sentence would have been absent the agreement. Moreover, Mabry was sentenced under advisory guidelines post-*Booker* and within the statutory maximum of

7

forty years. 21 U.S.C. § 841(b)(1)(B).[7] Second, the impact on the Government would be great as it would eschew the finality and gatekeeping requirements of § 2255, allowing more prisoners an alternative and additional route to challenge the propriety of their sentences, and requiring the Government here to prosecute a more than ten-year-old crime. Finally, Mabry acquiesced in the result of the waiver. By agreeing to the terms of his plea agreement, five charges were dismissed and "the government agreed to surrender a mandatory consecutive term of imprisonment of five years as part of the consideration for the plea agreement." *Mabry I*, 536 F.3d at 243 n.16.

After considering the factors from *Khattak*, we adhere to our precedent concerning this very Appellant and continue to enforce the appellate and collateral challenge waiver.

### III.    CONCLUSION

For the foregoing reasons, we will affirm the dismissal of Mabry's § 2241 petition.

---

[7] Mabry was sentenced pursuant to a converted calculation of 142.46 kilograms of marijuana because the offense involved both crack cocaine and cocaine powder. Presentence Investigative Report ¶ 11; *see* UNITED STATES SENTENCING GUIDELINES § 2D1.1.