**ALD-108**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1282
_____

JAMES MABRY,
                                            Appellant
v.

WARDEN MCKEAN FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:14-cv-00028)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 14,  2016

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: January 19, 2016)

_____

OPINION[*]
_____

PER CURIAM

        Federal prisoner James Mabry appeals pro se from the January 15, 2015 order of

the United States District Court for the Western District of Pennsylvania, which

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

dismissed his 28 U.S.C. § 2241 habeas petition for lack of jurisdiction. For the reasons that follow, we will summarily affirm that judgment.

I.

In 2004, Mabry faced a six-count superseding indictment for drug and firearm offenses in the United States District Court for the Middle District of Pennsylvania ("the MDPA"). He eventually entered into a written plea agreement with the Government, agreeing to plead guilty to one count of the superseding indictment (possession with intent to distribute more than five grams of cocaine base) in exchange for the Government's dismissal of the remaining counts. As part of that agreement, Mabry consented to waiving both his right to file a direct appeal and his "right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255." United States v. Mabry, 536 F.3d 231, 233 (3d Cir. 2008) (quoting plea agreement). The MDPA accepted Mabry's guilty plea and sentenced him to 17.5 years in prison. In doing so, the MDPA concluded, over Mabry's objection, that he qualified as a career offender under the United States Sentencing Guidelines.

Mabry did not file a direct appeal from his judgment of sentence. However, in 2006, he filed in the MDPA a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The MDPA enforced the plea agreement's collateral waiver provision and denied that motion. We affirmed that denial on appeal, concluding that

constitute binding precedent.

Mabry's waiver of his collateral challenge rights had been knowing and voluntary, and that enforcement of the waiver in his § 2255 case would not work a miscarriage of justice. See id. at 239, 244.

In 2012, at which time Mabry was incarcerated in a federal prison in New Jersey, he filed a habeas petition in the United States District Court for the District of New Jersey ("the DNJ"). That petition, brought under 28 U.S.C. § 2241, attacked his designation as a career offender under the Sentencing Guidelines. Before the Government was served, the DNJ summarily dismissed the petition for lack of jurisdiction, concluding that Mabry could not proceed under § 2241 because he had not shown that a § 2255 motion was an inadequate or ineffective means of challenging his sentence. On appeal, we asked the Government to enter its appearance and file a response brief. The Government did so, invoking Mabry's collateral review waiver. In November 2015, we enforced that waiver and affirmed the DNJ's dismissal of his § 2241 petition. See Mabry v. Shartel, No. 12-2637, 2015 WL 7273817, at *1 (3d Cir. Nov. 18, 2015).

During the pendency of that § 2241 appeal, Mabry filed a second § 2241 petition, this time in the United States District Court for the Western District of Pennsylvania ("the WDPA").[1] In this new petition, he once again attacked his sentence, alleging that his attorneys had been ineffective and arguing that he should not have been designated as a career offender. The Government opposed the petition but did not invoke the collateral

---

[1] Mabry filed in the WDPA because he had been transferred to a prison in that district.

3

review waiver.  Instead, the Government argued that the WDPA should dismiss the petition for lack of jurisdiction because Mabry had not demonstrated that a § 2255 motion was an inadequate or ineffective means of challenging his sentence.  On January 15, 2015, the WDPA agreed with the Government and dismissed the petition.

Mabry now seeks review of the WDPA's judgment.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[2] We exercise plenary review over the WDPA's legal conclusions and review its factual findings for clear error.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).  We may summarily affirm a district court's judgment if the appeal fails to present a substantial question.  See 3d Cir. I.O.P. 10.6.

A § 2255 motion is the presumptive means by which a federal prisoner can collaterally attack the validity of his conviction or sentence.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  A federal prisoner may challenge the validity of his conviction or sentence via a § 2241 petition only if he establishes that a § 2255 motion would be "inadequate or ineffective."  See 28 U.S.C. § 2255(e); Cradle, 290 F.3d

---

[2] Mabry does not need a certificate of appealability to proceed with this appeal.  See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).  We also note that Mabry's collateral review waiver does not deprive us of jurisdiction to consider this appeal.  See United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007).  Because we conclude in this opinion that the WDPA correctly dismissed Mabry's second § 2241 petition for lack of jurisdiction, we need not decide whether enforcement of the collateral review waiver would have been appropriate in this case.

at 538.  The "inadequate or ineffective" exception applies in rare circumstances only, such as when a federal prisoner had "no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application."  Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

We agree with the WDPA that this case is not one of the rare instances where § 2255 would be inadequate or ineffective.  Mabry does not claim that an intervening change in law decriminalized the conduct for which he was convicted.  Furthermore, some of the arguments that Mabry makes in his second § 2241 petition were already raised (and rejected) at sentencing, and it appears that his remaining arguments were either raised, or could have been raised, in the § 2255 motion that he filed in 2006.[3]  As noted above, that motion was deemed barred by virtue of his collateral review waiver, but that fact does not render § 2255 an inadequate or ineffective remedy.  See Cradle, 290 F.3d at 538 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.");  cf. id. at 539 ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.").

---

[3] Mabry alleges on appeal that the issues presented in his second § 2241 petition "involve[] facts that occurred [a]fter [his] first § 2255 [motion]."  But he does not support this allegation with any specifics, and we are not otherwise persuaded that any of his arguments in support of his second § 2241 petition were unavailable at the time he filed

5

In light of the above, we find no error in the WDPA's dismissal of Mabry's second § 2241 petition. Because this appeal does not present a substantial question, we will summarily affirm that judgment. Mabry's motion for appointment of counsel is denied. To the extent that Mabry's "Motion Objecting to Dismissed for [L]ack of [J]urisdiction" seeks any other relief from this Court, that relief is denied, too.

his § 2255 motion in 2006.